IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LATTHEN CHANCE DOUGLAS | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-274 |
| PEDRO BOYKIN | § | |

MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS AND PARTIALLY ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Latthen Chance Douglas ("Douglas"), an inmate currently confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Pedro Boykin ("Boykin"). The Court referred this matter to the Honorable Christine Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court.

On May 26, 2026, the magistrate judge recommended granting Boykin's Motion for Summary Judgment, in part [Dkt. 44]. The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Boykin filed Objections [Dkt. 48]. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

This lawsuit originated as a § 2254 habeas corpus petition wherein Douglas sought relief from a finding of guilt at a prison disciplinary hearing on August 16, 2017. Civil Action No. 1:18-CV-309. United States Magistrate Judge Zack Hawthorn recommended denying the habeas petition because no liberty interest was implicated – Douglas did not lose any good conduct time. *Id*. at 3. Douglas filed Objections to that Report and Recommendation which were overruled. *Id*. at 13. Some of Douglas's Objections, however, were converted into the above-referenced § 1983 complaint which allege that Boykin, a corrections officer with the Texas Department of Criminal Justice ("TDCJ") (1) filed a false disciplinary report against Douglas and (2) retaliated against Douglas for filing an inmate

grievance. Civil Action No. 1:23-CV-274 [Dkt. #3]. Boykin filed an Answer on May 4, 2023 [Dkt. #19]. Douglas requested leave to file an amended complaint on May 5, 2023 [Dkt. #20]. The magistrate judge denied the request as Plaintiff raised the same claims in a substantially similar amended complaint that was also filed in Civil Action No. 1:19-CV-306 [Dkt. #30]. A Scheduling Order was entered and now pending is Boykin's Motion for Summary Judgment [Dkt. #38].

As previously stated, Magistrate Judge Stetson recommended granting Boykin's Motion for Summary Judgment, in part [Dkt. #44]. Magistrate Judge Stetson ruled that Douglas's false disciplinary claim, essentially a claim for malicious prosecution, lacked merit as the disciplinary conviction had not been overturned in Douglas's favor and that Douglas could not recover compensatory damages as he failed to allege a physical injury or that a sexual act was committed. *Id*. at 4. Observing that Boykin failed to address the merits of Douglas's retaliation claim, Magistrate Judge Stetson noted that except for Boykin's ability to seek compensatory damages based on his claim of retaliation, the motion was treated as not seeking dismissal of the claim of retaliation. *Id*. In his Objections, Boykin argues that Magistrate Judge Stetson failed to address his sovereign immunity and standing arguments and requests that summary judgment be granted as to all of Douglas's claims, including his claim of retaliation. Objections [Dkt. #48 at 3].

A review of the Motion for Summary Judgment reveals that Boykin did put forth blurred arguments of sovereign immunity and standing [Dkt. 38]. However, these arguments appear related to Douglas's claim of malicious prosecution which was rejected outright on the merits by the magistrate judge given the disciplinary conviction had not been overturned. Moreover, the Motion for Summary Judgment fails to include a statement of the issues for the Court's consideration as required by Local Rule CV-56(a). *Id*., *generally*. Furthermore, the Motion for Summary Judgment mentions the claim of retaliation one time throughout the thirteen-page motion and as it relates only to a request for compensatory damages and the lack of physical injury. *Id*. A proper statement of issues would have resolved the confusion pointed out by Boykin's objections.

Now that the legal issues have been refined and more clearly stated, the Court in reviewing the record as a whole, the pleadings, and applicable law finds that the Objections should be sustained. At the outset, it should be noted that there is no live pleading in this action requesting monetary damages nor clarifying whether Douglas sues Boykin in his individual or official capacity. The only request for relief is injunctive in nature. When this case was severed and created, Boykin requested only that (1) his disciplinary conviction be overturned and expunged, (2) that his custody level and line classification be restored, and (3) that his good time credits, his work time credits, and his classification be adjusted. [Dkt. 3]. Boykin's Motion for Leave to Amend his complaint was denied as the amended complaint was substantially similar to the one filed in Civil Action No. 1:19cv306. Douglas has made no further attempts in this case to amend his complaint to add a request for damages or clarify in what capacity he sues Boykin.

To the extent Douglas sues Boykin in his official capacity, unless immunity is waived by Congress or a state, the Eleventh Amendment bars suit in federal court by a private citizen against a state agency or a state actor in his official capacity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-102 (1984); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Waiver by Congress or a state must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. The *Ex parte Young* doctrine presents an important exception to Eleventh Amendment immunity, but the doctrine is only applicable to actions seeking injunctive relief against a state actor in his official capacity for a continuing violation. *See Pennhurst*, 465 U.S. at 102-03 (citing *Ex parte Young*, 209 U.S. 123 (1908)).[1]

Nevertheless, Douglas must first demonstrate that he meets the three elements of Article III standing: (1) that he suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest; (2) that the injury is traceable to the challenged action of the defendant; and (3) it is likely, rather than merely speculative, the injury will be redressed by a particular decision.

---

[1] To the extent Douglas sues Boykin in his individual capacity, he cannot seek injunctive relief. *Anderton v. Texas Parks and Wildlife Dep't.*, No. 3:13-CV-01641-N, 2014 WL 1128108, at *4 n. 14 (N.D. Tex. Feb. 14, 2014).

*Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (citations omitted); *see also Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992).

To be amenable to suit under the *Ex parte Young* doctrine, the state actor must both possess "the authority to enforce the challenged law" and have a "'sufficient connection [to] the enforcement' of the challenged act." *City of Austin v. Paxton*, 943 F.3d. 993, 998 (5th Cir. 2019) (quoting *Ex parte Young*, 209 U.S. at 157)). It is not enough that the defendant has a general duty to see that laws or policies are followed—a proper *Ex parte Young* defendant must have a "particular duty to enforce," or implement, the challenged act." *Okpalobi v. Foster*, 244 F.3d 405, 414-15 (5th Cir. 2001) (en banc). "If the official is not statutorily tasked with enforcing the challenged law, then the requisite connection is absent and [the court's] *Young* analysis ends." *In re Abbott*, 956 F.3d 696, 708-09 (5th Cir. 2020). Simply, a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place. *Okpalobi*, 244 F.3d at 427.

Here, as alleged in the Original Complaint, Boykin was responsible for filing the false disciplinary charges against Douglas [Dkt. 1]. Boykin, however, was not the decision-maker at the disciplinary hearing and thus the punishment he received was not pursuant to Boykin's authority. *Id.*[2] Boykin is the only Defendant in this suit. Douglas fails to allege, let alone show, that Boykin was tasked with the authority to enforce the punishment imposed and can actually redress Douglas's injuries.[3] As a result, a favorable decision for Douglas will not allow Boykin to address Douglas's complained-of injury. Thus, Douglas lacks standing to pursue his claim for injunctive relief against Boykin.

---

[2] As alleged, Captain Knod was the disciplinary hearing officer who conducted the disciplinary hearing and assessed his punishment. *Id.* at 6.

[3] Douglas also failed to file any response to Boykin's Objections. While Douglas's Response to the Motion for Summary Judgment was struck by the Magistrate Judge as it was filed four months past the requisite deadline, the Court notes it too lacks any discussion of Boykin's assertion of lack of standing and redressability.

ORDER

Accordingly, Defendant Boykin's objections are SUSTAINED. The findings of fact and conclusions of law of the magistrate judge are correct to the extent they recommend dismissal of Plaintiff's claim of malicious prosecution, and the report of the magistrate judge is PARTIALLY ADOPTED. Defendant Boykin is entitled to sovereign immunity and Plaintiff's request for injunctive relief with respect to his claims of malicious prosecution and retaliation are DISMISSED with prejudice for lack of standing.

**SIGNED this 16th day of August, 2026.**

Michael J. Truncale
United States District Judge